IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
SEP - 8 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

GRACE NADINE MCGUIRE, )
)
Plaintiff, )
)
) 1:11cv528(LMB/TCB)
v. )
)
)
IBM CORPORATION, et al, )
)
Defendants. )

## MEMORANDUM OPINION

Before the Court are multiple motions to dismiss [Dkt. Nos. 6, 9, 20, 28], two of which are accompanied by Roseboro notices properly filed by defendants IBM Corporation ("IBM") and John Lainhart. [Dkt. Nos. 14, 30]. Based on the written submissions, the Court finds that oral argument would not assist the decisional process. Accordingly, these motions will be resolved on the papers that have been submitted, and for the reasons explained below, defendants' motions to dismiss will be granted.[1]

---

[1] Plaintiff has filed opposition briefs to IBM's and Pauline Scala's motions to dismiss and separate pleadings entitled "Affidavit of Grace Nadine McGuire in Opposition to Tetra Tech, Inc.'s Motion to Dismiss," to which she attached exhibits, and "Affidavit of Grace Nadine McGuire in Opposition to [IBM's] Motion to Dismiss, and Alternatively, Motion to Strike." [Dkt. Nos. 21, 22, 23, 50].

## I. BACKGROUND

Plaintiff pro se Grace Nadine McGuire has filed a five-count complaint against IBM and Tetra Tech, Inc. ("Tetra Tech"), along with ten individuals, Leslie Connolly, Henry "Bud" Horton, Matthew Horton, Susan Horton, John Lainhart, Samuel Palmisano, Pouneh Rafat, Pauline Scala, Cathie Skoog, and Judith Vars. The complaint alleges one federal cause of action, retaliation in violation of Title VII (Count I), and four state law claims, assault (Count II), conspiracy (Count III), defamation (Count IV), and intentional infliction of emotional distress (Count V).

The nature of McGuire's claims, which are vague and often contradictory, are difficult to discern, making it nearly impossible to determine which parties are allegedly responsible for the harms she describes in her complaint. Nevertheless, the Court has attempted to construe the complaint in the light most favorable to plaintiff.[2]

The complaint states that McGuire was an IBM employee from

---

[2] Some of the allegations in the complaint are so far outside the scope of a legal cause of action that they will not be addressed. For example, McGuire asserts that defendant Bud Horton, who is apparently her former manager at IBM, was engaged in a romantic relationship with McGuire's mother, defendant Pauline Scala, despite McGuire's attempts "to rekindle her relationship" with Horton. Id. ¶ 26. McGuire claims that her brother was paid by Horton and Scala to conceal their relationship from McGuire. Id. ¶ 27. Plaintiff also alleges that her step-mother and father were paid to distance themselves from her and, as a result, failed to invite her to family Christmas celebrations. Id. ¶ 28.

November 2007 through June 2008 and alleges that in retaliation for her relationship with supervisor Bud Horton, she "was caused to suffer a severe placental abruption . . . [that] ended the life of her fetus at 33 weeks" and was "further denied opportunities within IBM, plotted for failure, defamed within the workplace" and subjected to a hostile work environment, which prompted her to resign. Compl. ¶ 16-17. The complaint further alleges that, after her departure from IBM, McGuire was "hounded" out of two subsequent employments after she sent an email to the IBM president through the company website in 2009. Id.

The complaint repeatedly alleges that unnamed individuals were "contacted and told information about the Plaintiff that is considered defamatory." Id. ¶ 25, 28-33, 38-38.[3] Among the recipients of the alleged defamatory information were plaintiff's step-mother, various high school friends, lawyer Gloria Allred, plaintiff's Bank of America loan modification officer, and an employee of Working Mother magazine. The

---

[3] One apparent topic of the alleged defamatory statements is McGuire's mental health. McGuire complains about her interactions with the mental health system, claiming that she was "subject to [sic] false sentence to a mental health facility, and . . . consistent and relentless attempts at forced medication . . . ." Id. ¶ 18. She alleges that she was taken from her home in handcuffs for an "emergency mental evaluation" and involuntarily admitted to "Suburban Hospital's Mental Health unit." Id. ¶ 22.

complaint further alleges that McGuire was defamed to potential employers, which led to cancelled interviews and her unemployment. Id. ¶¶ 40-41, 43-44. Lastly, the complaint alleges that McGuire's phone records and email were hacked, resulting in the dissemination of defamatory information. Id. ¶¶ 35, 42-43.

McGuire filed a formal charge with the Equal Employment Opportunity Commission ("EEOC") on February 1, 2011, alleging that IBM had engaged in discrimination and retaliation in violation of Title VII. On February 15, 2011, the EEOC issued a Right to Sue letter without making any findings. Id. ¶ 23. On May 16, 2011, McGuire timely filed her complaint in this Court.

Although some defendants have not yet been served, defendants IBM, Bud Horton, Skoog, and Vars have moved to dismiss on the grounds that Count I (retaliation) is time-barred, fails to state a cause of action, and cannot be asserted against individual defendants and that Counts II through V (respectively, assault, conspiracy, defamation, and intentional infliction of emotional distress) are time-barred and fail to state a cause of action under Virginia law. [Dkt. No. 6]. In its Motion to Dismiss, Tetra Tech argues that McGuire failed to effect proper service of process when she served the company's

4

receptionist, and that the complaint fails to state a claim.[4] [Dkt. No. 9]. Defendant pro se Pauline Scala filed a Motion to Dismiss based on lack of subject matter jurisdiction, failure to state a claim, lack of personal jurisdiction, and the statute of limitations. [Dkt. No. 20]. Finally, IBM employee John Lainhart filed a Motion to Dismiss that was nearly identical to that previously filed by IBM. [Dkt. No. 28].

## II.  DISCUSSION

### A. Standard of Review

Although pleadings filed by a pro se party must be "liberally construed," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted), under Fed. R. Civ. P. 12(b)(6), a complaint will be dismissed if "it appears certain that [plaintiff] can prove no set of facts that would support his claim and would entitle him to relief." Smith v. Sydnor, 184 F.3d 356, 361 (4th Cir. 1999). The Court must accept all of the complaint's well-pleaded allegations and view

---

[4] On September 2, 2011, Plaintiff filed a motion seeking leave to amend her complaint to make technical corrections to Tetra Tech's address. [Dkt. No. 36]. However, these changes would not save her complaint from the substantive deficiencies that require dismissal under Fed. R. Civ. P. 12(b)(6). Because the complaint clearly fails to state a claim, Tetra Tech's assertion that McGuire failed to execute proper service of process under Virginia law or the federal rules will not be reached. Mem. Pts. and Auth. Supp. Tetra Tech, Inc.'s Mot. to Dismiss ("Tetra Tech Mem.") at 5-6. For these reasons, the motion will be denied.

them in a light most favorable to the plaintiff. Id. This requirement applies to facts alone and not to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In addition, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." Id. at 1950 (internal quotation marks omitted). "Factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Accordingly, the Supreme Court has held that to satisfy the pleading requirements of Fed. R. Civ. P. 8(a), a complaint must include a plausible statement of the claim showing that the pleader is entitled to relief and providing the defendant with fair notice of "what . . . the claim is and the ground upon which it rests." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.

B. Count I (Retaliation)

McGuire alleges retaliation in violation of 42 U.S.C. § 2000e ("Title VII") and, in a brief reference, the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 207 (2000). See Compl. ¶¶ 23, 60. The FLSA primarily governs wage and child labor violations, and a retaliation claim under FLSA exists when a plaintiff has engaged in certain protected activities, such as reporting or testifying to FLSA violations. § 215(a)(3). There is not a single factual allegation that relates even tangentially to the FLSA, and therefore, this claim will be dismissed without further discussion.

Because retaliation claims under Title VII cannot be brought against individuals, IBM is the only proper defendant in Count I. See 42 U.S.C. § 2000e(b) (definition of "employer" not encompassing any of the natural persons named by McGuire); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999)("We have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'"). Indeed, McGuire recognizes this defect in her complaint and is now "amenable to removing the individual defendants from the Title VII retaliation charge" and "holding IBM solely accountable." Pl.'s Opp. to Moving Defs.' Mot. to Dismiss and, Alternatively, Mot. to Strike ("Pl.'s Opp.") at 2-3. Accordingly, the individual defendants will be dismissed from Count I.

Against IBM, McGuire's complaint has failed to state facts sufficient to make out a legal claim for retaliation. A prima

facie case for Title VII retaliation requires the plaintiff to show (i) engagement in a protected activity; (ii) adverse employment action; and (iii) a causal link between the protected activity and the employment action. Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010)(citing Mackey v. Shalala, 360 F.3d 463, 469 (4th Cir. 2004)). In neither her complaint nor in her EEOC charge has McGuire alleged any protected activity that could conceivably be causally related to any adverse employment action. Specifically, the only evidence plaintiff provides is an email alleging sexual harassment that she sent to IBM's president approximately six months after her voluntary resignation, and she has pointed to no related facts from which a retaliatory action by IBM can even be inferred. See Compl., Exhibit 1 EEOC Charge of Discrimination ("EEOC charge").

McGuire's reference to a 2009 email exchange with a former colleague does not save this claim. In that email, McGuire apparently asserts that defendant Skoog "dismissed me from her project 2 weeks before I was scheduled to go on maternity leave . . . And I was never told why. I was never reprimanded or had my work criticized . . . ." Compl. ¶ 19. However, McGuire left IBM in June 2008, months before that email exchange. Even if the email were considered a protected activity, it occurred after the plaintiff resigned, and therefore the email could not have played any role in plaintiff's resignation. Moreover, any

8

retaliation claim based on this event is now time-barred because under Title VII, a plaintiff must exhaust her remedies before the EEOC by filing an EEOC charge within 300 days of the alleged retaliatory or discriminatory act. § 2000e-(5)(e)(1). McGuire submitted her EEOC charge on February 1, 2011.[5] Clearly, any alleged retaliatory act that occurred before April 7, 2010 would fall outside the statute of limitations period.

Because the complaint does not allege facts establishing a prima facie case of retaliation and also fails to show timeliness, Count I, the only claim arising under federal law, must be dismissed.

### C. Count II (Assault)

McGuire's allegations of assault must be dismissed because they fail to state a claim and because one is also untimely. Compl. ¶¶ 66-70. An assault "occurs when an assailant engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm or engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim." Clark v. Commonwealth, 279 Va. 636, 641 (2010)(internal quotation marks omitted). McGuire alleges that her IBM

---

[5] McGuire erroneously claims that her charge was filed on November 23, 2010, even though her attached EEOC charge is dated February 1, 2011. Regardless of which date is correct, the

colleagues, Palmisano, Skoog, and Susan Horton, and her mother, Scala, "coordinat[ed] the circumstances" of "ascertaining the drug that was used" and "administering . . . the drug to the plaintiff that . . . took the life of her child on April 22, 2007." Compl. ¶¶ 66-67.

As defendants correctly argue, this claim is clearly time-barred. Even if McGuire had alleged facts sufficient to show that her colleagues and mother conspired to forcefully terminate her pregnancy, the alleged events occurred outside the two-year statute of limitations for assault and personal injury. McGuire attempts to avoid the limitations period by arguing that the "'discovery of harm' rule" renders her claim timely. Pl.'s Opp. at 2. However, under Virginia law, a cause of action for assault accrues when the alleged assault occurs. Va. Code Ann. § 8.01-230 (2007). For this reason, plaintiff's argument fails.

McGuire's other assault claim, involving defendants Skoog, Susan Horton, and Tetra Tech, alleges that the defendants "tr[ied] to create physical proximity so as to harm the plaintiff during or as a result of the interview set for Monday, May 9, 2011, constitutes an attempt of intentional touching . . . ." Compl. ¶ 68. Containing no facts that even the most generous reader could understand as constituting assault, this

---

filing date does not change the ultimate outcome that she fails to state a claim for retaliation.

allegation fails the Iqbal-Twombly test requiring a plaintiff to "raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Because all of plaintiff's assault claims fail the pleading standard under Fed. R. Civ. P. 8(a), and the 2007 claim is also time-barred, Count II will be dismissed.

### D. Count III (Conspiracy)

Under Virginia law, a civil conspiracy requires (i) an agreement between two or more persons (ii) to accomplish an unlawful purpose, or to engage in unlawful means, (iii) which harms the plaintiff. Glass v. Glass, 228 Va. 39, 47 (1984). A conspiracy entails an underlying wrongful act, Firestone v. Wiley, 485 F. Supp. 2d 694, 703 (E.D. Va. 2007), and because a conspiracy requires two guilty minds, a corporation cannot conspire with itself or its employees, Charles E. Brauer, Inc. v. NationsBank of Va., 251 Va. 28, 36 (1996). Within this legal framework, the conspiracy claim cannot be maintained against defendant IBM.

The remaining defendants named in Count III are plaintiff's mother, Scala, and IBM employees Bud Horton, Susan Horton, Lainhart, Palmisano, and Skoog. McGuire claims that these defendants attempted to destroy her emotional and financial well-being and her relationships, but she never elaborates as to how they conspired to do so nor does she allege an underlying

11

wrongful act. Instead, plaintiff merely asserts that these parties "in collaborated efforts, spurned by greed . . . relentlessly and maliciously attempted to get the plaintiff . . . long-term committed to a mental institution." Compl. ¶ 72.

The vague and conclusory allegations, devoid of facts or unlawful motive, do not rise above the speculative level. Because Count III fails to state a cause of action, it must be dismissed.

### E. Count IV (Defamation)

Defamation is the intentional publication of a false statement with the tendency to harm the plaintiff's reputation. Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1092 (4th Cir. 1993). The limitations period for a defamation claim is one year, which begins to run when the alleged defamatory statement is made. See Va. Code Ann. § 8.01-247.1; § 8.01-230; see also Brown v. Am. Broad. Co., 704 F.2d 1296, 1300 (4th Cir. 1983).

The pleading standard for a defamation claim under Virginia law "requires that the exact words spoken or written must be set out in the declaration in haec verba. Indeed, the pleading must . . . purport to give the exact words." Fuste v. Riverside Healthcare Ass'n Inc., 265 Va. 127, 134 (2003). McGuire alleges that Connolly, Bud Horton, Matt Horton, Sue Horton, Lainhart, Palmisano, Rafat, Scala, Skoog, and Vars "publicized . . . allegations . . . about McGuire's mental, emotional and

professional state of being among personal and professional contacts that they knew or should have known to be false." Compl. ¶ 75. McGuire neither quotes nor even paraphrases these alleged defamatory statements.

McGuire lists several supposed recipients of damaging information but does not connect them to any particular defendant or provide any information about the content of the defamatory conversations. See Compl. ¶¶ 25, 28-35, 36-38, 40-45. Moreover, most of these alleged instances of defamation took place before May 16, 2010 and thus would be outside the one-year limitations period. For those few alleged occurrences within the last year, McGuire fails to offer more than conjecture and falls far short of the level of particularity required to maintain a defamation action. As such, Count IV must be dismissed.

F. Count V (Intentional Infliction of Emotional Distress)

McGuire alleges that by assaulting, defaming, and conspiring against her, the defendants engaged in conduct that was "extreme, outrageous and without justification." Compl. ¶¶ 79-82. Under Virginia law, a plaintiff alleging "emotional distress resulting from a non-tactile tort" must prove "by clear and convincing evidence" that "the wrongdoer's conduct is intentional or reckless; the conduct is outrageous and intolerable; the alleged wrongful conduct and emotional distress are causally connected; and, the distress is severe." Russo v.

13

White, 241 Va. 23, 26 (1991).[6]

This count relies on the same alleged facts, found to be conclusory and speculative, that were referenced in her other claims. These allegations fail to identify wrongdoing by any of the defendants and totally fail to assert extreme and outrageous behavior required under this tort. As such, Count V will be dismissed.

### III. CONCLUSION

For the reasons stated above, the motions of each moving defendant will be granted, and all counts, against both those defendants who have been served as well as the remaining unserved defendants, will be dismissed because, as a matter of law, this complaint cannot go forward as to any defendant.

Entered this 8th day of September, 2011.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

---

[6] McGuire's numerous filings, including her complaint, memoranda, affidavits, exhibits, and motions, make clear that she is a highly distressed individual. In addition, she has apparently filed other civil actions against relatives and former friends in federal and state courts in Maryland and Washington, D.C. See Tetra Tech Reply Mem. at 4. Plaintiff's emotional distress does not provide the basis for a legal claim of intentional infliction of emotional distress.